# Supreme Court of Texas

No. 22-0078

In re Mariam Ayad,
*Relator*

On Petition for Writ of Mandamus

JUSTICE YOUNG, concurring in the grant of the motion for stay.

This petition presents serious issues that warrant this Court's review at this stage. To ensure that our jurisdiction remains intact while we consider these issues, I concur in the grant of a stay.

The parties to this case are a married couple in the midst of divorce. The couple signed (but hotly dispute the validity of) a premarital agreement, which provides that arbitration under religious law will resolve "[a]ny conflict" within the marriage. At issue is whether such an arbitration may or must proceed to resolve the dissolution of the marriage, including to determine the custody of the couple's minor child. Both sides present weighty arguments.

In support of allowing the arbitration to proceed, for example, Texas law allows couples broad authority to reach agreements to settle matters related to their divorce. Likewise, Texas law has a strong public policy favoring the enforcement of arbitration agreements and a concomitantly strong policy disfavoring judicial stays of valid arbitrations. Texas law also forcefully protects our citizens' religious liberty, including when it comes to how they order their own domestic

affairs. The premarital agreement here is predicated on the couple's shared commitment to the principles of Islam.

On the other hand, the Family Code requires courts to consider the children's best interests in allocating responsibility for the children of a divorcing couple. Premarital agreements, while certainly authorized, may not violate public policy. And it is not clear that challenges to premarital agreements in the context of proceedings brought under the Family Code must await the conclusion of an arbitration that such an agreement contemplates. In any event, there are questions about whether this premarital agreement, including its arbitration provision, *is* valid and enforceable at all. Whether the courts are authorized to compel arbitration in this case, or whether additional process in the district court is required before that court could properly answer that question, is also unclear on this record.

The district court creditably wrestled with these issues, which range from the procedural to the substantive, and ultimately concluded that the proper course was to allow the arbitration to play out. The court emphasized that any orders the arbitral panel might issue must pass through the court before they could be enforced. Even if, as the premarital agreement puts it, "[t]he law of the land will not be applied" by the arbitral panel, the law of the land will certainly be applied by the district court. That law includes the law of arbitration itself, the requirements of the Family Code, and the Texas and U.S. Constitutions.

The district court's conclusion was reasonable. A stay is nonetheless necessary so that we may carefully consider questions of importance to the jurisprudence of our State that transcend the dispute between these parties. Such questions include *how* and *when* to resolve this kind of dispute. Absent a stay, this Court's jurisdiction would at the very least be imperiled, making it far harder for us to consider the propriety of a pre-enforcement challenge to a premarital agreement with an arbitration provision.

2

Of course, delays are never desirable when courts must resolve disputes involving minor children.  But nothing stops the district court from continuing to manage divorce proceedings on an interim basis.  Should the Court decide to request merits briefing, that briefing should be expedited so that we may consider the questions presented more rapidly than usual.  We will then be postured to provide guidance that will serve these parties and others across Texas.  Today's stay does not prejudge any ultimate question, much less any of the subsidiary issues.

For these reasons, I concur in the Court's decision to grant a stay.

_____
Evan A. Young
Justice

3